# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1399** (Cabell County 11-F-318)

**Tiffany Lucas,**
**Defendant Below, Petitioner**

### MEMORANDUM DECISION

Petitioner Tiffany Lucas's appeal, filed by counsel A. Courtenay Craig, arises from an order entered on October 16, 2012, in the Circuit Court of Cabell County that denied her motion for reduction of sentence. The State of West Virginia, by counsel Laura Young, filed a summary response.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In September of 2011, petitioner and her co-defendant were each indicted on one count of burglary, one count of conspiracy to commit burglary, one count of attempted first degree robbery, and one count of conspiracy to commit first degree robbery. On March 28, 2012, petitioner pled guilty, pursuant to *Kennedy v. Frazier*, 178 W.Va. 10, 357 S.E.2d 43 (1987), to one count of burglary and one count of conspiracy. As part of the plea agreement, the remaining charges against petitioner were dismissed. Petitioner was sentenced to a term of incarceration of one to fifteen years for burglary and a concurrent term of incarceration of one to five years for conspiracy to commit burglary. On August 1, 2012, petitioner filed a motion for reduction of sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure. The circuit court denied petitioner's motion by order entered on October 16, 2012. It is from this order that petitioner appeals.

This Court has adopted the following standard of review for appeals from the denial of a Rule 35 motion:

> "In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Crimingal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of

1

law and interpretations of statutes and rules are subject to a *de novo* review."
Syllabus Point 1, *State v. Head*, 198 W.Va. 298, 480 S.E.2d 507 (1996).

Syl. Pt. 3, *State v. Eilola*, 226 W.Va. 698, 704 S.E.2d 698 (2010).

On appeal, petitioner argues that the circuit court considered an impermissible factor in sentencing her. She argues that the circuit court imposed a more severe sentence than it imposed on her co-defendant because she elected to remain silent upon questioning by the circuit court. Petitioner alleges that the circuit court inferred from her silence that she was more culpable and sentenced her more severely, in violation of Mitchell v. U.S., 526 U.S. 314 (1999).[1]

The Court finds that the circuit court did not abuse its discretion in denying petitioner's motion for reduction of sentence. This Court has held that, "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W.Va. 366, 287 S.E.2d 504 (1982). We have also stated:

> "Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone." Syllabus Point 2, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984).

Syl. Pt. 4, *State v. Darmon*, 213 W.Va. 8, 576 S.E.2d 253 (2002). The circuit court sentenced petitioner within the limits of West Virginia Code §§ 61-3-11 and 61-10-31. Contrary to petitioner's argument, a review of the record as a whole demonstrates that the circuit court did not impermissibly rely on petitioner's silence during sentencing as the basis for her sentence.

During the hearing on petitioner's Motion to Reduce Sentence, the circuit court judge clarified the basis for the sentence imposed. The circuit court explained that the evidence showed that petitioner was the primary mover of the underlying offense. Petitioner was the elderly victim's cleaning lady, knew of his health issues, and had recently taken him to the bank thus she knew he had money in the home. The co-defendant is petitioner's cousin and did not have first-hand knowledge of the victim's situation. Petitioner drove her co-defendant to the victim's house and drove around the area while her co-defendant entered the house for the purpose of stealing. We conclude that petitioner's culpability was the basis for her sentence, thus the sentence was not based upon an impermissible factor.

For the foregoing reasons, we affirm.

---

[1]In response to invoking her privilege to remain silent, the circuit court stated, "Okay. Okay. Then she shall pay for that." This statement was made amid a discussion about which of the two co-defendants was more culpable.

                                                         Affirmed.

**ISSUED:** October 1, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Robin Jean Davis
Justice Menis E. Ketchum

No. 12-1399 – *State of West Virginia v. Tiffany Lucas*

Ketchum, Justice, dissenting:

The defendant exercised her constitutional right to remain silent at her sentencing. The trial court punished her for remaining silent stating, "Then she will pay for that."

In *Mitchell v. U.S.*, 526 U.S. 314 (1999), the Supreme Court held that a sentencing court may not draw an adverse inference from a defendant's silence. We should have remanded this case for resentencing by a different judge.

I dissent.